J-S25001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAWAUN CARSON | : | |
| | : | |
| Appellant | : | No. 1932 WDA 2016 |

Appeal from the Judgment of Sentence December 7, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000371-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JUNE 1, 2018**

Appellant, Dawaun Carson, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his jury trial convictions for first-degree murder, conspiracy, aggravated assault, firearms not to be carried without a license, possessing instruments of crime, and recklessly endangering another person.[1] We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND/OR COMMITTED AN ERROR OF LAW WHEN IT DENIED APPELLANT'S MOTION *IN LIMINE*, IN PART, AS SUCH EVIDENCE WAS NOT RELEVANT TO THE CRIMES CHARGED?

---

[1] 18 Pa.C.S.A. §§ 2502(a); 903; 2702(a); 6106; 907(a); 2705, respectively.

THE COMMONWEALTH PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CONSPIRACY TO COMMIT CRIMINAL HOMICIDE, BEYOND A REASONABLE DOUBT.

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Brabender, Jr., we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed August 10, 2017, at 7-8; 10-15) (finding: **(1)** statements of Ms. Anderson and Ms. Bennett indicating Appellant was their heroin dealer were relevant to establish dependent nature of Ms. Anderson's and Ms. Bennett's relationship with Appellant; Appellant was driving Subaru Tribeca on night of murder; testimony of Ms. Anderson and Ms. Bennett established that Ms. Anderson regularly loaned Appellant her Subaru Tribeca in exchange for heroin, and loaned Appellant her vehicle on night of murder; Ms. Anderson's and Ms. Bennett's statements were also relevant to explain that women initially lied to police to protect themselves and Appellant; statements formed part of history and natural development of case and were not unduly prejudicial;[2] evidence showed Victim was killed by

_____

[2] The Commonwealth also admitted evidence that after Appellant's arrest and incarceration, he sent a letter to a friend asking the friend to find someone who could provide an alibi for Appellant. In the letter, Appellant said he needed someone who could testify that Appellant was at his house dealing

.38 caliber bullet; Corporal Burlingame brought to trial five-inch, unloaded .38 caliber revolver, type of gun capable of discharging bullet that killed Victim, so jury could view small size of gun;[3] Commonwealth made clear revolver was not actual murder weapon, and defense counsel thoroughly cross-examined Corporal Burlingame regarding weapon, negating any undue prejudice;[4] **(2)** Ms. Canto saw Appellant and two others in Subaru Tribeca on night of murder near intersection of 19th and Chestnut streets; Appellant showed Ms. Canto small weapon and stated his intent to kill Victim; shortly before murder took place, Ms. Cox observed stalled Subaru Tribeca and two males asking for help to jump their vehicle; Ms. Beldin observed Victim's vehicle at stop sign at intersection of 19th and Chestnut and heard six gun shots; Ms. Beldin saw

_____

drugs at the time of the murder.  Thus, Ms. Anderson's and Ms. Bennett's testimony that Appellant was their drug dealer was cumulative of other evidence of Appellant's drug-related activities.

[3] This evidence corroborated testimony from Ms. Canto that she saw Appellant with a small gun shortly before the murder.

[4] Contrary to the trial court's initial waiver analysis, and its statement that the revolver was not introduced during Corporal Burlingame's testimony, the notes of testimony make clear Appellant objected to admission of this evidence and the revolver was admitted while Corporal Burlingame was on the stand. (*See* N.T. Trial, 10/20/16, at 107, 125).  Nevertheless, we agree with the trial court's analysis that any error in admitting the revolver was harmless. ***See Commonwealth v. Dent***, 837 A.2d 571 (Pa.Super. 2003), *appeal denied*, 581 Pa. 671, 863 A.2d 1143 (2004) (explaining harmless error exists if error did not prejudice Appellant or prejudice was *de minimus*, erroneously admitted evidence was merely cumulative of other properly admitted evidence, or properly admitted evidence was so overwhelming and prejudicial effect of error was so insignificant by comparison that error could not have contributed to verdict).

several men running from scene, one of whom was holding gun; ballistics evidence recovered from Victim and scene established that at least two weapons were involved, .38 caliber weapon (murder weapon) and .45 caliber weapon; flight of men together from crime scene and use of two different weapons supported inference of conspiracy; Commonwealth presented sufficient evidence to sustain Appellant's conspiracy to commit murder conviction). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2018